UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON RICHARD ROSE,

    Petitioner,

v.

    CASE No. 1:19-cv-135

    HON. ROBERT J. JONKER

NOAH NAGY,

    Respondent.

_____/

**<u>ORDER REGARDING REPORT AND RECOMMENDATION</u>**

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 4) and Petitioner's Objection to it. (ECF No. 5). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. The Magistrate Judge recommends that the petition be denied because it is barred by the one-year statute of limitations. The Magistrate also recommends denying Petitioner a certificate of appealability. After its review,

the Court agrees that the statute of limitations may have run before Petitioner filed the motion for relief from judgment in the State Court. However, the Court is satisfied that Petitioner has raised sufficient questions about the State Court record to warrant additional investigation. The limitations periods may not have run at all. And even if it did, there may be a basis for equitable tolling. Additional factual development will assist in making a final determination.

1. **Motion to Transfer**

The Court first considers the pending letter request, docketed by the Clerk as a motion to transfer the case to the Eastern District of Michigan. (ECF No. 3). In the letter, Petitioner states that his petition was assigned to the wrong district, and he requests that the Court transfer the matter to the Eastern District of Michigan. Petitioner contends his "whole world relies on winning this appeal in the" Eastern District, and that he has "no chance whatsoever in the" Western District. (ECF No. 3, PageID.161).

Venue for a habeas petition brought under § 2254 is set out in 28 U.S.C. § 2241(d), which provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

The record reflects that Petitioner was convicted in the Oakland County Circuit Court, which is located in the Eastern District. *See* Petition (ECF No. 1). When he filed the petition, Petitioner was incarcerated at the Lakeland Correctional Facility, *id.*, where he currently resides.

*See* Offender Tracking Information, Michigan Department of Corrections, https://mdocweb.state.mi.us/otis2/otis2.html (last visited Apr. 17, 2019). The Lakeland Correctional Facility is located in the Western District. Accordingly, jurisdiction is properly before this Court under § 2241(d).

The change of venue provisions are set out in 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* The Court observes that the petition in this case lists "Eastern" in the blank provided for the district in which the petition was to be brought. While the envelope through which Petitioner mailed this petition is not a part of the record, the only way that the petition could have made its way to this Court is if Petitioner mailed his petition to an address for the Western District of Michigan. Petitioner's present subjective belief that he has a better chance of succeeding if his case was heard in the Eastern District is not enough to show that the convenience of the parties, the convenience of the witnesses or the interest of justice requires transfer of this action.

Accordingly the Court declines, in its discretion, to transfer this case to the Eastern District.

**2. Petitioner's Objection**

Turning to the specifics of Petitioner's objection, the Court concludes that additional factual development will allow for a better decision on the limitations question, including the possibility of equitable tolling. Petitioner has raised questions about exactly what happened on the State Court record. At this early stage of the proceeding, all the Court can do is try its best to sort out potential discrepancies without the benefit of a certified state court record. Obtaining the record will permit development of a better basis for decision on the limitations issue. It will also allow for a Rule 4 merits-based review, which may make disputes over the limitations issues immaterial.

The Magistrate Judge identified the factual nub of the limitations issue as what exactly Petitioner filed in State Court in August of 2015. The Magistrate Judge correctly recognized that if Petitioner actually filed his motion for relief from judgment on August 5, 2015 in the State Court, as Petitioner contends, then the statute of limitations only "started to run again after February 4, 2019, and expired 20 days later, on February 24, 2019 . . . . Thus, Petitioner's action in this Court would have been timely because the Court received his petition on February 22, 2019." (ECF No. 4, PageID.168).

The Magistrate concluded, however, that Petitioner had only filed a motion for leave to file a brief in excess of fifty pages, which the State Court treated as received on August 28, 2015, not August 5. After that motion was denied by the State Court, the Magistrate Judge concluded that Petitioner did not file his actual motion for relief from judgment until almost three months later, on December 18, 2015, after the statute had run. The Magistrate further concluded that even if Petitioner had filed some form of a motion for relief in August 2015—not just a request for an oversized brief—it was not "pending" since the State Court denied it the day after it was filed.[1] (ECF No. 4, PageID.168).

In his Objection, Petitioner asserts that he did file a motion for reconsideration along with several other motions (including a motion for excess pages) on August 5, 2018. He maintains the State Court mistakenly construed the filing when it denied it later that month, and that the court was further mistaken when it denied his motion for reconsideration the following month on September 22, 2015. (ECF No. 5, PageID.174). The Magistrate Judge observed, however, that

---

[1] In light of his conclusion on the limitations issues, the Magistrate Judge has not yet had occasion to conduct a preliminary review of the merits of Petitioner's habeas claims. *See* Rule 4, RULES GOVERNING § 2254 CASES. Nothing in this Court's Order precludes a full Rule 4 screening review of Petitioner's claims by the Magistrate Judge. To the contrary, the Court believes a Rule 4 screen is appropriate.

even assuming Petitioner did attach some form of his motion for relief from judgment in his August submissions, "the state court denied the motion for leave. Thus, his motion for relief from judgment was not 'pending' in state court as of August 2015" to further toll the running of the statute of limitations. (ECF No. 4, PageID.169). And so by the time Petitioner filed his motion for relief for judgment on December 18, 2015, the statute had already run.

The difficulty with assessing both the Magistrate Judge's findings and Petitioner's Objections is that, at this point, the federal record does not include the actual State Court filings at issue. What if a fair reading of the actual record documents reveals that Petitioner filed, or tried to file, a request for an oversized brief, and actually filed a version of the brief at the same time on August 5? Maybe that would be enough to toll the limitations period even if the Court later denied a procedural request for an oversized brief without addressing the merits. *Cf. Lexon Ins. Co. v. Naser*, 781 F.3d 335 (6th Cir. 2015) (finding the time for appeal still open because a district court's rejection of a Rule 59 motion for being in an oversized brief did not amount to a disposition of the merits of the motion).

Moreover, regardless of whether the limitations period actually expired, equitable tolling would be a possibility if the facts are as Petitioner asserts. Equitable tolling should be applied "sparingly." *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2001); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*. 579 F.3d 581, 588 (6th Cir. 2009). As the Magistrate Judge correctly pointed out, a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Accepting as true all facts in the petition, the Court is not prepared to conclude that in the absence of a look at the actual record "it plainly appears from the face of the petition" that

5

Petitioner is not entitled to equitable tolling. Rule 4, RULES GOVERNING § 2254 CASES; *see also Wolfe v.* Johnson, 564 F.3d 140, 169 (4th Cir. 2009) (discussing the standard of review for habeas petitions). Accordingly, summary dismissal under Rule 4 is inappropriate. If everything Petitioner says is true regarding the State Court process and records, equitable tolling could apply to toll the statute of limitations through December 18, 2015, the date when Petitioner filed the motion for relief from judgment that was ultimately considered (and rejected) by the State Courts. If so, the statute did not begin to run again until February 4, 2019, when the Michigan Supreme Court denied Petitioner's motion for reconsideration. It would have expired 20 days later, on February 24, 2019. By that time, however, Petitioner had filed the instant petition.

The Court emphasizes that this is a very narrow and limited ruling. It is premised on Petitioner ultimately being able to substantiate his factual claims of what happened on the State Court record. If he does, then perhaps the limitations period did not run at all; or if it did, perhaps equitable tolling would apply. The Court believes the best course is to reject a Rule 4 dismissal at this time and obtain the actual State Court record.[2]

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1. Petitioner's letter request, docketed as a motion to transfer (ECF No. 3), is **DENIED.**

2. The Magistrate Judge's Report and Recommendation is **ADOPTED IN PART** and **REJECTED IN PART.** It is **REJECTED** in so far as it recommends a time bar dismissal on a summary Rule 4 basis. It is **ADOPTED** in all other respects.

---

[2] Of course, it may be ultimately unnecessary to resolve the equitable tolling issue if, after addressing the merits of Petitioner's habeas petition in the Rule 4 screening process, the Magistrate Judge determines that Petitioner's habeas petition is subject to dismissal on other grounds. Moreover, even if the Magistrate Judge determines service is appropriate, the State may respond by presenting evidence or argument showing that Petitioner's claim is time barred or the State may otherwise attempt to show that habeas relief is unwarranted on the merits.

3. The Magistrate Judge shall conduct a review under Rule 4 to determine whether the Petition should be dismissed summarily or some ground other than the statute of limitations, and shall issue a Report and Recommendation recommending dismissal, or shall order the Respondent to Answer, as appropriate.


Dated:     April 30, 2019             /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE